THE PEOPLE *ex rel.* JACOB CHRITZMAN *et al.*

*v.*

GEORGE W. CROSSLEY *et al.*

1. PRIVATE CORPORATION—*right to vote at elections by proxy.* Where the charter of a private benevolent society authorized the society to elect its "directors or managers at such time and place, in such manner as may be specified in its by-laws," and gave power to make by-laws not inconsistent with the constitution and laws of this State, or of the United States: *Held,* that a by-law authorizing its members to vote at all elections, etc, either in person or by proxy, was valid, and not inconsistent with the constitution and laws of the State.

2. SAME—*objections to election of officers confined to the same made at the election.* Where, at an election of directors of an incorporated benevolent society, the only objection made was to the right to vote by proxy, it was *held,* on *quo warranto* against the directors elected, in the absence of proof that the persons executing the proxies were members of the society, or that the proxies were properly executed, that it would be presumed that the proxies were regular and proper.

APPEAL from the Circuit Court of Bureau county; the Hon. E. S. LELAND, Judge, presiding.

This was an information in the nature of a *quo warranto,* filed on the relation of Jacob Chritzman, Stephen G. Paddock, Charles Baldwin and Jacob L. Sweet, against George W. Crossley, Hiram W. Hubbard, Reuben B. Foster and

Levi R. Jerome, questioning the validity of the election of the defendants as directors of the Illinois Masons' Benevolent Society.

Mr. CHARLES C. WARREN, State's Attorney, and Messrs. ECKELS, TRIMBLE & GIBONS, for the appellants.

Mr. GEORGE WELCH, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an information in the nature of a *quo warranto*, on the relation of appellants against appellees, to determine the question of the right of the latter to hold the office of directors of the Illinois Masons' Benevolent Society, to which office they claim to have been elected at the annual meeting of the society on April 2, 1873.

The real question presented by the record is, whether at such election the members had the right to vote by proxy. If so, and the votes by proxy were properly received, the appellees were elected, otherwise not.

The society was organized under the act of February 24, 1859, (Laws of 1859, p. 20,) for the incorporation of benevolent, etc., societies. Its sole object was, to make a provision, upon the death of any member, for his family, being a sum of money raised by assessment, according to the age of each member, upon all the surviving members. The third section of the act provides that, " The society so incorporated may annually, or oftener, elect, from its members, its trustees, directors or managers, at such time and place, in such manner as may be specified in its by-laws," etc. The second section authorizes the corporation "to make by-laws not inconsistent with the constitution and laws of this State or of the United States." By Art. 11, sec. 1, of the constitution adopted by the society, which is but a part of the by-laws, it is provided as follows: " These articles, or any of them, may be suspended, amended, or abolished by a two-thirds vote of all

the members present, or voting by proxy, at a special meeting called for that purpose, or at a regular annual meeting of the society." At the regular annual meeting of 1873, and before the election in question of directors, the constitution (or by-laws,) was duly amended so as to permit each member to have one vote in all elections for directors, and upon all questions before the society, either in person or by proxy. So that voting by proxy in the election of the directors was authorized by the constitution or by-laws of the society.

In *Taylor* v. *Griswold*, 2 Green, (N. J.) 222, the power of a corporation to make a by-law permitting its members to vote by proxy, was denied. The corporation there, was prohibited from making any by-laws repugnant to the law of the land. And it was held, that as the common law required all votes to be given in person, and that being a part of the law of the land, the by-law authorizing the voting by proxy was repugnant thereto, and consequently void. The contrary was decided in *The State* v. *Tudor*, 5 Day, 329, in relation to private corporations for the transaction of private business, like the one here. The rule of the latter case appears to be one promotive of convenience, and has to recommend it that it allows members of a private corporation, instituted for merely private purposes, to regulate their manner of voting in a way to suit their own sense of convenience and interest. In view of the statutory authority to elect the directors in such manner as might be specified in the by-laws of the society, we are disposed to concur with the latter authority above cited, and hold the by-law authorizing the voting by proxy in elections to be valid, especially so, in view of sec. 3, art. 11, of the present constitution of the State, which directs that "The General Assembly shall provide by law, that in all elections for directors or managers of incorporated companies, every stockholder shall have the right to vote, in person or by proxy, for the number of shares of stock owned by him, for as many persons as there are directors or managers to be elected, or to cumulate said shares," etc.

Whether or not this provision may be considered as applying to a corporation of this character, it is a constitutional expression in favor of the policy of voting by proxy in private corporations, which may well be regarded and given heed to in determining the present question. We do not think it can be said that the by-law in question is inconsistent with the constitution and laws of this State.

It is objected that there was no testimony offered that the persons executing the proxies were members of the society, or that the proxies were properly executed. The objections at the time of the election, as shown by the testimony, were to the right of voting by proxy. It does not appear that any objection was made to the form, the execution or the validity of the proxies themselves. They were received and acted upon as regular; it is to be presumed that they were such.

The court below found the defendants not guilty of usurping the office. We perceive no error in the record and affirm the judgment.

*Judgment affirmed.*