In the Matter of the Petition to Set Aside the Election of CATHERINE F. FARRELL and Others, as Alleged Directors of the BROOKLYN CITY SAVINGS AND LOAN ASSOCIATION.

LEO J. HICKEY and Others, Appellants; JOHN D. HOLSTEN and Others, Petitioners, Respondents.

Second Department, May 11, 1923.

Corporations — election of directors — proceeding to set aside election — by-law requiring nomination for directors before annual election is directory — those who receive greatest number of votes at annual election are duly elected though not nominated as provided in by-laws.

A by-law of a corporation providing that nomination of directors shall be held on a certain date prior to the annual meeting and that nominations of directors may also be made in writing signed by at least ten members and filed with the secretary ten days before the meeting is directory and not mandatory and does not prohibit the members from voting for others than those nominated.

*It seems*, that if the by-laws were intended to mean that no member should be eligible for the office of director unless nominated as prescribed therein, such a regulation would be invalid.

Accordingly, in this case the persons who received the greatest number of votes at the annual meeting for the election of directors are the duly elected directors though they were not nominated as provided in the by-laws.

APPEAL by Leo J. Hickey and others from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 26th day of February, 1923, setting aside the election of Catherine F. Farrell and four others as directors of the Brooklyn City Savings and Loan Asso-

Second Department, May, 1923.　　　　[Vol. 205

ciation, and declaring the petitioner John D. Holsten and four others elected directors in their stead.

*Edward J. Byrne*, for the appellants.

*Dominic B. Griffin* [*Peter P. Smith* and *Joseph J. Reiher* with him on the brief], for the respondents.

KELBY, J.:

This proceeding was commenced under section 32 of the General Corporation Law, which gives to the Supreme Court power respecting elections of officers of corporations.

The Brooklyn City Savings and Loan Association is a domestic corporation organized under the Banking Law of this State. At the times hereinafter referred to it had about 1,000 members, who were shareholders, each of the members being entitled to one vote. The by-laws of the association prescribe that the board of directors shall consist of 13 members, who shall be elected at the annual meeting each year, and that such annual meeting shall be held on the last Wednesday of January in each year, at which time the election for the ensuing year will be held, and all directors elected at said meeting shall take and hold office.

Section 40 of the by-laws prescribes as follows:

" A meeting for the nomination of directors shall be held on the second Wednesday in January in each year. Nominations may also be made thereafter upon written notice in the form of a petition filed with the Secretary, at least ten days before the annual meeting and signed by ten members. Such petition, or a copy thereof, shall be posted in a prominent place in the office of the association immediately upon its receipt by the Secretary, and shall be kept posted until the election."

Pursuant to the provisions of this by-law, just quoted, a regular meeting of the members of the association was held upon the conclusion of the meeting of the board of directors on January 10, 1923. At the shareholders' meeting thirteen names were submitted as candidates for the board of directors for the ensuing year. The thirteen candidates so named were as follows: Joseph H. Delaney, Charles P. Dougherty, Bernard J. Feely, George O. Hill, John D. Holsten, John D. Holsten, Jr., Henry Kettelhodt, Thomas Lamb, Peter A. McCabe, Henry R. L. Rohlfs, George A. Rose, Michael J. Sims and William K. Swartz. Intervening the meeting of January tenth and the regular annual meeting of the shareholders for the election of directors, no petition was made or filed, signed by ten members, nominating any other candidates than those named at the meeting of January tenth. At the regular annual meeting of the shareholders, members of the association

who attended the meeting voted for the following members for election to the board of directors who were not nominated pursuant to section 40 of the by-laws: Catherine F. Farrell, Leo J. Hickey, Joseph Cox, Henry J. Flood and David P. Sammon, and each of the last five named received a greater number of votes than did Charles P. Dougherty, John D. Holsten, Thomas Lamb, Henry R. L. Rohlfs and William K. Swartz, each of the last named receiving but nineteen votes, whereas the new names, added on the ballot in writing, received from thirty-two to thirty-five votes.

The Special Term has held that the names of the candidates written in on the ballot at the time of the election were not properly before the association for election to the board of directors, and that they were not legally elected, even though they had received a greater number of votes than had those nominated pursuant to the provisions of the by-laws. The legal effect of this holding is that section 40 of the by-laws makes a nomination pursuant to the terms thereof a condition precedent to a valid election.

The by-laws also prescribe that each member shall be entitled to one vote. The by-laws have no affirmative provision which prescribes that no one shall be eligible for election to the office of director of the association unless nominated as provided in section 40 of the by-laws. In the absence of such a provision in the by-laws it must be concluded that section 40 is directory only, and not mandatory. If the by-law was intended to mean that no member should be eligible for the office of director unless nominated as prescribed in section 40, such a regulation would be unreasonable. A shareholder would no longer be free to vote for whom he pleased, but would be obliged to confine his choice to a prescribed list of nominees. This is necessarily a serious impairment of the stockholders' right of free voting, and is, therefore, invalid.

No case has been called to our attention, nor has any been found, except the case of *Commonwealth ex rel. Gallagher* v. *Knorr* (21 Penn. Dist. Rep. 784). In that case there was a proceeding in quo warranto to determine the right of certain individuals to hold office in an association known as the Prosperity Building and Loan Association. The by-law in question in that case read:

" All nominations for officers and directors shall be made by a nominating committee, which shall consist of three members, one of whom shall be the solicitor, and which shall be appointed by the president at least sixty days before the annual election. Nominations may also be made by the stockholders, at the regular meeting for the nomination of officers and directors, which said nominations shall be in writing upon blanks furnished by the secretary. It shall require 25 per cent. of the stockholders of the

association in good standing to make such nominations. No one shall be eligible for any office in the association unless nominated as herein directed." (P. 784.)

The court there found that this by-law was unreasonable in that it impaired the stockholders' right to vote; and while the by-law under review in that case contained more onerous conditions than the one here under review, still the principle involved is the same.

The order should be modified by adjudging that Catherine F. Farrell, Leo J. Hickey, Joseph Cox, Henry J. Flood and David P. Sammon were duly elected as members of the board of directors of the Brooklyn City Savings and Loan Association for the ensuing year and as thus modified affirmed, without costs.

MANNING, YOUNG and KAPPER, JJ., concur.

Order modified by adjudging that Catherine F. Farrell, Leo J. Hickey, Joseph Cox, Henry J. Flood and David P. Sammon were duly elected as members of the board of directors of the Brooklyn City Savings and Loan Association for the ensuing year, and as thus modified affirmed, without costs.