IN THE MATTER OF THOMAS E. HAMILTON TO HAVE THE ELECTION OF THE GERMANIA BUILDING AND LOAN ASSOCIATION INVESTIGATED.

Decided June 22, 1927.

Corporations—Election of Officers—By-laws Provided That at Elections of Secretary, Nominations Should be Made at a Previous Meeting—At Such a Meeting One Nomination was Made—At the Election, Petitioner Received More Votes Than the Regularly Nominated Person Who, Nevertheless, was Declared Duly Elected—Held, That This Action was Legal, That the By-law was a Proper One in the Interest of the Members, Who Became Tacitly Bound Thereby.

On rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *William I. Garrison.*

*Contra, Bolte, Sooy & Tripician.*

PER CURIAM.

It appears that Thomas E. Hamilton, the petitioner was voted for by sticker ballot for secretary of the Germania Building and Loan Association, and practically received all the votes cast. His opponent, Carl Alber, was duly nominated for secretary in accordance with section 3 of article 1 of the laws of the association, which section reads: "Nominations for the various offices shall be made in the monthly meeting immediately preceding the annual meeting. The board of directors shall fill all vacancies which may occur until the next annual meeting."

The association held its annual meeting in accordance with its constitution and by-laws on August 19th, 1926, for the purpose of electing directors and officers.

Carl Alber, at a regular monthly meeting held in the immediately preceding month of July, received the regular nomination for secretary. At the annual meeting, held in August, at which the election of officers took place, Hamilton, the petitioner, ran for secretary though he was not duly nominated for that or any other office in the immediately preceding month of July, as is required by section 3 of the by-laws. The result of the election was that the petitioner, Hamilton, received one hundred and thirteen votes for secretary and Carl Alber received thirty-three votes. Alber was declared elected, the votes for Hamilton, the petitioner, not being counted for him for the reason that he was not duly nominated for the office of secretary, as prescribed by section 3, *supra,* of the by-laws.

The argument advanced, on behalf of the petitioner, in support of the validity of his election is that "it is beyond the power of the corporation to fix any arbitrary rule which will deprive voters of casting a ballot for their choice. Furthermore, a rule of that kind would deprive the association from making any other nomination in the event it should be

discovered at the last moment that the person or persons nominated were incompetent."

We think the position taken on behalf of the petitioner is untenable. It seems to us that provision of. section 3 was clearly within the exercise of the corporate power of the association, namely, to regulate the time when its officers shall be nominated and the time when they are to be voted for. It is obvious that the requirement that nominations be made at a regular monthly meeting preceding the annual meeting is in the interest of the shareholders, so as to give them an opportunity to investigate the character and competency of the nominee and to bring about an orderly management of the business of the association. It does not deprive the share-.holders of the right to vote for a candidate for office duly nominated according to the laws of the association. Each shareholder of the association tacitly consents to abide by its constitution and by-laws, and, hence, it cannot be said that he is shorn of his right to vote for whom he pleases without his consent, where it appears that the person voted for was not duly nominated according to the laws of the association.

The rule to show cause is discharged, with costs.