HOWKIN REALTY CORPORATION, Respondent, v. LANGRU REALTY Co., INC., Appellant, and THE PEOPLE OF THE STATE OF NEW YORK and Others, Defendants.— Order denying the defendant, appellant's motion to strike the case from the calendar of Special Term for trial affirmed, with ten dollars costs and disbursements; appeal from judgment dismissed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

In the Matter of the Application to Set Aside the Election of G. HENRY O'SHEA and Others, as Alleged Directors of THE SEA GATE ASSOCIATION, a Membership Corporation. ANNA JACKSON and Others, Appellants; G. HENRY O'SHEA and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. *Matter of Farrell* (205 App. Div. 443; affd., 236 N. Y. 603), invoked by the appellant, is not controlling. That case turned upon the construction of the by-laws of the Brooklyn City Savings and Loan Association, organized under the Banking Law, which contained no affirmative provision prescribing that no one should be eligible for election to the office of director of the association unless nominated as provided in the by-laws. It was held that in the absence of such a provision it must be concluded that the provision for nominations was directory only. Here the by-laws provide for nominations, *first*, by the nominating committee of the association, to be posted not less than two weeks prior to the annual meeting; *second*, by independent nominations, to be posted not less than five days prior to such meeting, and, *finally*, that "No candidates for directors shall be balloted for, other than those proposed in either one of these two ways." Such provisions are not only reasonable but necessary. Young, Kapper, Hagarty and Davis, JJ., concur; Carswell, J., concurs in result.

In the Matter of the Petition of ERNEST ZOBEL COMPANY, INC., and Others, Respondents, to Compel ZINSSER & Co., INC., Appellant, to Proceed to Arbitration, Pursuant to Article 2 of the Arbitration Law.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and the matter remitted to Special Term, where the parties may proceed as they are advised — on the ground that a question of fact exists as to whether the contracts containing the arbitration clause ever became effective and operative by any substantial performance, on the part of the parties, of the provisions and conditions therein contained. The disputed question of whether or not these contracts became effective and enforcible agreements must first be decided by the court at Special Term before the parties may be directed to proceed with an arbitration. Young, Kapper, Hagarty, Carswell and Davis, JJ., concur.