Commonwealth ex rel. Grabert et al., Appellants,
*v.* Markey et al.

Argued January 18, 1937.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thompson Bradshaw,* of *Bradshaw, McCreary, Stevenson & Reed,* for appellants.

*J. Quint Salmon,* with him *Sam B. Wilson,* of *Wilson & Salmon,* and *D. B. Hartford,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, March 22, 1937:

The question to be disposed of on this appeal by relators is whether, in view of a by-law of the Phillipsburg Building & Loan Association, its shareholders were entitled to vote at the annual election for others than those who had been previously nominated for directors of the association. The court below held that the voting must be limited to those candidates who had previously been placed in nomination in accordance with the by-law.

The by-law is as follows: "All nominations for the office of director shall be made by shareholders at the regular meeting of directors in the month next preceding the annual meeting of shareholders, unless any vacancy occur thereafter and prior to the annual meeting, in which case nominations to fill any vacancy may be made at the annual meeting."

The relators were not placed in nomination during the month preceding the annual meeting as the by-law prescribes, whereas the respondents were. At the annual meeting, shareholders representing 2145½ shares out of 6198½ shares which were voted, by cumulating their votes, cast a majority vote for the relators. The total number of shares in the association was 17,545½.

The chairman of the meeting ruled that the ballots cast for the relators were invalid, and could not be counted, because the relators had not been nominated at a meeting of the board in the month prior to the election; the fact being that they had not been placed in nomination in any way. The ruling of the chairman gives rise to this controversy, as the respondents, and not the relators, were qualified as directors and seated in the board.

It is argued by appellees that, by the terms of the by-law, those not nominated for director in the way it provides cannot be voted for and elected by the shareholders; that this prohibition is implicit in the language used, and they call attention to the provision of section 401 of the Building and Loan Code of May 5, 1933, P. L.

457, Art. IV, Sec. 401, 15 P. S. Sec. 1074, which reads: "Subject to the provisions of this act, the number, qualifications, terms of office, *manner of election* [italics supplied], time and place of meeting, compensation, and powers and duties of the directors of an association may be prescribed from time to time by the by-laws." They urge that the by-law we are considering prescribes the "manner of election" of directors. It, however, is silent as to the election, and only speaks of nominations. If it was intended that only those nominated as it provides should be eligible for election, it would have been easy to say so. We are loath to limit the fundamental right of shareholders to vote for whomsoever they please as directors of their enterprise, unless the limitation of their right is plainer than here appears.

It is said by appellees, that nominations are an integral part of the election. In a sense this is so, because they lead up to the election, but they are not a necessary part of it; without nominations having been made at all an election could be carried through. We do not see how it can be maintained as a general proposition, that nomination is a prerequisite to election, and this being so, unless the by-law so stated it could not have this effect. It may be, and very likely is, an advisable thing to give advance information to stockholders of the candidates for directors. It is a very different proposition, to limit their choice to such as are thus named, unless, through the adoption of a by-law, they have undoubtedly so limited themselves.

No decision by us has been called to our attention, nor have we been able to find any, which bears directly on the question before us. Two lower court cases* support the contentions of appellants. *Com. ex rel. Eberhardt v. Dalzell,* 152 Pa. 217, 25 A. 535, has no direct application. *In re Hamilton,* 5 N. J. Misc. 660, 137 A. 843,

---

*\* Com. ex rel. Gallagher v. Knorr,* 21 District Reps. 784, and *Com. ex rel. Goldstein v. Copperman,* 26 District Reps. 763.

takes a different view from ours, of a somewhat similar by-law. We think its reasoning does not compel us to follow. *In re Farrell*, 205 App. Div. 443, 200 N. Y. S. 95, affirmed 236 N. Y. 603, 142 N. E. 301, reaches a conclusion similar to ours, as also does *Jackson v. O'Shea*, 241 App. Div. 699, 269 N. Y. S. 840. See also 2 Fletcher on Corporations, Sec. 285.

The court below sustained respondents' demurrer to the suggestion for a writ of quo warranto and entered judgment in their favor. This we conclude was error.

The judgment is reversed with a procedendo.