WILLIAM GILLIGAN et al., Appellants, v. NELL P. CUNNINGHAM, Respondent, et al.; Defendants.— Appeal from an order of the Supreme Court at Special Term, Warren County, which dismissed the complaint herein as to the defendant Nell Pruyn Cunningham. The action was brought for a declaratory judgment fixing the rights of the parties to lands within the bounds of a public highway alleged to have been abandoned. Plaintiffs ask, among other things, that title to certain land within the bounds of the former highway be declared to be vested in them free of any easement for use as a public highway; or, in the alternative, that if the alleged abandoned highway is found to be still a public highway that the defendant-respondent, among others, be required to remove any obstruction she has placed thereon. If the defendant-respondent is eliminated as a party to the action obviously any adjudication that the old highway is still a public thoroughfare would not be binding on her, and that issue might have to be litigated again as to her. It is definitely a judicial policy

of procedure to require that all persons who may be affected by a declaratory judgment be joined as parties to the action therefor. (*Manhattan Storage & Warehouse Co.* v. *Movers Assn.*, 289 N. Y. 82.) It is urged in behalf of the defendant-respondent that plaintiffs have alleged no special injury so as to entitle them to maintain an action against her for obstructing a public highway if the land occupied by her is found to be a part of a public highway. Such is the general rule. (*Wakeman* v. *Wilbur*, 147 N. Y. 657.) We cannot say, however, as a matter of law that an inference of special damages may not be drawn from the complaint with its attached exhibit showing the relative situation of the parties. Under the circumstances it may be a matter of proof. As the case now stands every reasonable inference must be drawn in favor of the pleading. Order reversed, without costs. Hill, P. J., Brewster, Foster and Deyo, JJ., concur; Heffernan, J., dissents.