Morris E. Spector, J.
Plaintiffs, as members of defendant Associated Amusement Machine Operators of New York, Inc., hereinafter designated “Associated”, move for a temporary *1022 injunction restraining defendants, who are officers and members of “ Associated ”, from holding a scheduled election of officers and directors, and, for an order directing defendants to hold a meeting for the purpose of permitting the members of ‘1 Associated ” to nominate candidates for election to office therein.
. Plaintiffs ’ complaint and affidavits reveal that at a regular meeting of “Associated” held on February 13, 1958, for the purpose of submitting nominations, the defendant Sanford Warner, presiding at the meeting, submitted a slate which contained nominations to five offices and six directorships in “Associated”. It appears that this slate was agreed upon between the officers of “Associated” and another organization, “United” for the purpose of merging “United” with “ Associated ”, which merger was conditioned on the acceptance and election of the slate of officers by the members of ‘ ‘ Associated ”. At the meeting, Sanford Warner, over the objections of the plaintiffs and other members, ruled that despite the fact that the constitution required the election of six officers and nine directors, no other nominations would be accepted from the members. A substantial number of the members, including plaintiffs, left the meeting without participating in the approval of the slate.
The affidavit of Sanford Warner, who is the president of ' ‘ Associated ’ ’, and who presided at the meeting, is submitted in opposition to the motion. He denies plaintiffs’ charges but offers no facts to controvert plaintiffs’ claims that the slate was the result of an agreement between the officers of ‘ ‘ Associated ” and “ United ” to merge the two organizations. There is no denial that the members were informed that no nominations would be accepted other than those set forth in the slate submitted by the officers or that the offices to be filled were restricted to 11 rather than the 15 required by the constitution of ‘ ‘ Associated ’ ’. In effect, defendants contend that under section 3c of the rules and regulations of ‘ ‘ Associated ’ ’, section 3(L) of the rules permitting nominations to be made at a regular meeting prior to the election meeting was modified and changed by the action of the board of directors in submitting the slate of officers and by the action of the membership in adopting the slate. According to defendants, the board of directors recommended and submitted the slate of nominees to the members and that by motion adopted by the majority of the members present at the meeting to close nominations and to accept the slate of officers no additional nominations were made.
*1023 Subdivision 3 of article 4 of the constitution, and section 3(L) of the rules and regulations provide for nominations to be made at a regular meeting to be held one month prior to the election meeting. Under subdivision 1 of article 4 and subdivision 1 of article 7 of the constitution, six officers and nine directors are to be elected from the membership. While the constitution (art. 9) prescribes how it shall be amended, and subdivision 1 of article 7 as well as section 3c of the rules authorize the board of directors to amend the rules, defendants do not claim that the constitution and rules had been changed before the meeting. Obviously section 3 of article 4 of the constitution and section 3(L) of the rules assures the members the right to make nominations. Any attempt by an amendment of the rules to foreclose the membership’s right to nominate and to place that power solely in the board of directors would be unreasonable and invalid since the members would no longer have the right to nominate and to vote for a candidate of their own choice (Matter of Farrell, 205 App. Div. 443, affd. 236 N. Y. 603).
Moreover, the alleged amendment of the rules by the action of the board of directors and the majority vote of the members attending the meeting was a nullity. A majority of the members cannot by vote deprive other members of their rights to nominate candidates as expressly permitted by the constitution and rules of the organization. Any such action by a majority would effectively impair the rights of the minority members to select and vote for their candidates and thereby unfairly deprive other members of the opportunity assured them under the constitution and rules to nominate candidates for all offices and to vote for those candidates.
Since the affidavits conclusively establish that the defendants failed to comply with the constitution and rules of “ Associated ”, a temporary injunction will be granted restraining the holding of an election until such time as defendants call a meeting for the nomination of officers and directors, which meeting shall be held within 10 days after settlement of the order to be settled herein. In addition, the order shall provide that the records of the membership shall be available for inspection at the meeting to determine whether the candidates nominated thereat are members in good standing as required by the constitution.
Motion granted to the extent indicated above.
Settle order.