20528. BOOKER *et al. v.* FIRST FEDERAL SAVINGS & LOAN ASSOCIATION *et al.*

ARGUED JULY 13, 1959—DECIDED SEPTEMBER 11, 1959.

*Aaron Kravitch,* for plaintiffs in error.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan, E. O. Hunter, J. D. McLamb, A. Pratt Adams, Jr.,* contra.

ALMAND, Justice. The judgment under review is one sustaining the general demurrers to a petition seeking a declaratory judgment and a temporary and permanent injunction.

The petitioners are J. A. Booker and ten others. The defendants are First Federal Savings & Loan Association of Savannah, a savings and loan institution, chartered and incorporated under the Federal Home Loan Bank Act (12 U.S.C.A. 1421 et seq.), and A. Pratt Adams and four other individuals, who are alleged to have been illegally nominated and elected directors of the association on January 21, 1959. For specified reasons, which will be set out in this opinion, it is asserted that these named defendants were nominated and elected illegally and in violation of the rights of petitioners, members of the association. The prayers of petitioners were for a declaratory judgment on certain specified claims, and for an injunction restraining the named individuals from participating in the management of the association.

The grounds of the general demurrer were: (a) the petition shows no right to a declaratory judgment; (b) the petition fails to allege that the officers and directors would not have been elected even though the votes of the proxy committee had not been counted; (c) the petition fails to show that any attempt was made to nominate any other officers or directors; (d) the petition fails to allege a challenge to any of the votes which were cast in favor of the slate elected in person or by proxy, except those cast by the proxy committee; and (e) the petition shows that no other persons were nominated, hence any votes cast for the nominees were sufficient to elect them.

It was alleged that, under the rules and regulations of the Federal Home Loan Bank Act (12 U.S.C.A. 1429), the annual meeting of the defendant association was held on January 21, 1959. At such meeting members of the association are permitted to vote in person or by proxy. Upon becoming members of the

association, the petitioners signed a membership card agreeing that "The official proxy committee of the institution is authorized in my absence to cast my vote or votes at any meeting of the members from year to year until this proxy is canceled in writing."

At the annual meeting for 1959, held pursuant to the rules and regulations of the association, printed ballots containing the names of the directors who had been nominated were given to the members present at the meeting—some 75 to 100 members being present. The votes of the members present and those voting by proxy were counted, and it was announced that those nominated had been elected by a large majority. It is alleged that, if the proxies which were illegally voted were legal proxies, a majority of the legal votes cast were against the election of the nominees of the nominating committee.

The rules and regulations of the association, as shown by an exhibit to the petition, provided: "Section 144.6 (a) Nominating Committee. The president, at least 30 days prior to the date of each annual meeting, shall appoint a nominating committee of three persons who are members of the association. Such committee shall make nominations for directors in writing, and deliver to the secretary such written nominations at least 15 days prior to the date of the annual meeting, which nominations shall forthwith be posted in a prominent place in the home office for the 15 days' period prior to the date of the annual meeting. Provided such committee is appointed and makes such nominations, no nominations for directors except those made by the nomination committee shall be voted upon at the annual meeting unless other nominations by members are made in writing and delivered to the secretary of the association at least 10 days prior to the date of the annual meeting, which nominations shall forthwith be posted in a prominent place in the home office for the 10 days' period prior to the date of the annual meeting. Ballots bearing the names of all persons nominated by the nominating committee and by other members prior to the annual meeting shall be provided for use by the members at the annual meeting. If at any time the president shall fail to appoint such nominating committee, or the nominating committee shall fail or refuse to act at

least 15 days prior to the annual meeting, nominations for directors may be made at the annual meeting by any member and shall be voted upon.

"(c)  Voting by proxy. Voting at any annual or special meeting of the members may be made by proxy, it being provided that no proxies shall be voted at any meeting unless such proxies shall have been placed on file with the secretary of the association, for verification, at least five (5) days prior to the date on which such meeting shall convene."

It is asserted that these rules and regulations deny to the members the right to vote for persons of their choice and are contrary to law and to public policy and amount to a taking of property without just compensation and a taking of property without due process of law in violation of the Fifth Amendment to the Federal Constitution and Art. 1, Sec. 1, Pars. 1, 2, 3, 25 of the State Constitution.

It is a general rule that a corporation may enact any bylaw for its internal management so long as such bylaws are not contrary to its charter, a controlling statute, its articles of incorporation, or violative of any general law or public policy. Subject to the above qualifications, a corporation may adopt bylaws regulating the calling and conduct of corporate meetings and elections of its officers. *Hornady* v. *Goodman*, 167 *Ga.* 555, 572 (146 S. E. 173).

Our attention has not been called to any statute of this State or any provision of the charter of the defendant association which forbids the adoption of the rules as to nomination and election of officers of the association set out above. On the contrary, the bylaw under attack has been approved by the Central Board of the Federal Home Loan Bank, Vol. 23 (No. 249, Fed. Reg., p. 9897).

The rule under attack expressly gives to each member the right to make nominations in writing to the secretary of the association at least 10 days prior to the annual meeting. At the annual meeting the names of those nominated by the members are required to be on the ballots.

The contention that these rules are invalid as depriving the members of their right to participate in the nomination and election of the directors of the association cannot be sustained.

We deem it unnecessary to consider the several attacks made on the validity of the proxy votes cast in the election of the directors by the proxy committee. It does not appear that any nominations for directors were before the meeting other than those submitted by the nominating committee. It appears that some 75 to 100 members of the association were present. The number of members voting by proxy other than by the proxy committee is not alleged. The plaintiffs had the right to make nominations 10 days before the annual meeting, but did not do so. Even if it be conceded that all of the votes cast by the proxy committee were void, it does not appear from the petition that the number of votes cast by other members in person or by proxy was insufficient to elect. It was alleged that, at the meeting and after the ballots had been counted, the president announced that the nominees of management had been elected by a large majority. This declared result of the election is prima facie the correct result. The burden is on the plaintiffs to rebut this prima facie case by alleging facts showing that the requisite number of members had not voted for the election of the nominated directors. *Cowart* v. *City of Waycross*, 159 *Ga.* 589, 594 (126 S. E. 476). See Leininger *v.* North American Nat. Life Ins. Co., 115 Neb. 801 (215 N. Y. 167); Stephens Fuel Co. *v.* Bay Parkway Nat. Bank of Brooklyn in New York, 109 Fed. 2d 186; People *v.* Crossley, 69 Ill. 195. "An election or other action at a corporate meeting is not rendered invalid because of the receipt of illegal votes, or the rejection of legal votes, if the result would have been the same had they been rejected or received, as the case may be." 5 Fletcher, Cyclopedia of Corporations 188, § 2044.

The allegations in paragraphs 15 and 16 of the petition that, "if the meeting were held properly and if the proxies which were illegally voted where legal proxies, a majority of the legal votes cast were against the election of the nominees of the nominating committee," and "all of the proxies voted by management in favor of the slate and which constituted a majority in favor of the slate of nominees, should not have been counted and if said proxies had not been counted, a majority of the votes cast would have been against the election of said nomi-

nees," are too loose and general to bring into question the legality of the votes cast by the proxy committee. *Collins* v. *Huff*, 63 *Ga.* 207 (2); *Schmidt* v. *Mitchell*, 117 *Ga.* 6 (43 S. E. 371); *Norwood* v. *Peeples*, 158 *Ga.* 162 (4) (122 S. E. 618).

The petition failing to state a cause of action for a declaratory judgment and injunction, it was not error to sustain the general demurrers and dismiss the petition.

*Judgment affirmed. All the Justices concur.*