In the Matter of the Petition of WILLIAM MOSCOWITZ, Appellant, to Set Aside the Election of PHILIP L. MOLLER and Others, as Directors of the Corporation of THE BRONX MATERNITY HOSPITAL. PHILIP L. MOLLER and Others, Respondents.

First Department, July 6, 1923.

Corporations — membership corporation — proceedings by removed director to set aside election by board of directors of directors claimed not to be eligible and to restrain corporation from interfering with petitioner as director — removal and election were illegal — petitioner was removed in July and started proceedings few days after receiving notice in November — laches not shown — new directors were elected at annual meeting held after this proceeding was commenced — petitioner must proceed under General Corporation Law, § 32, to set aside election.

The petitioner, who was elected a director of the Bronx Maternity Hospital, was removed at a meeting of the board of directors held on July 5, 1922, on the ground that he had failed to attend three consecutive meetings, but without notice to him or opportunity to give a valid excuse for his failure to attend. At the same meeting, two individuals who were not members of the hospital and

19

were, therefore, not eligible as directors under the certificate of incorporation and by-laws, were elected as directors. The directors were divided into three classes and it was provided that a committee should be appointed before the annual meeting to nominate new directors, which committee should consist of directors with one or more years to serve; that all of the directors were hold over directors and the nominating committee for the 1922 annual meeting was not, therefore, composed of directors with more than one year to serve. This proceeding by a petition and order to show cause dated November 24, 1922, is for the purpose of setting aside the election by the board of directors of the two directors claimed to be ineligible and to declare the offices held by them vacant and to enjoin them and the hospital and the president thereof from interfering with the petitioner as a director and to enjoin and restrain any election of persons nominated by the nominating committee. The purpose of the application was apparently to obtain an order declaring that the petitioner had not been removed, that the election of the two succeeding directors was void, because they were not members of the hospital, and to prevent any election being held at the annual meeting called for December 14, 1922, based upon the improper nominating report. Directors were elected at the annual meeting in December following the commencement of this proceeding.

*Held*, that apparently the removal of the petitioner was illegal and it would seem that the two directors elected at the time the petitioner was removed were improperly elected, since they were not members of the hospital and that the action of the nominating committee was improper since there were no directors qualified to act as such, so that on the merits there would have been sufficient evidence to have justified the Special Term in either granting the application or taking further proof of the facts, provided the petitioner was not guilty of laches.

The petitioner is not estopped from maintaining this proceeding on the ground of laches, for if the removal and election were illegal, they were void, and furthermore, the petitioner instituted this proceeding within a very short time, after he was informed that he had been removed as a director.

If the election of said directors by the board of directors is illegal, that question has become academic, provided the annual meeting held after this proceeding was instituted was regular and the directors elected thereat were legally elected, and, therefore, the petitioner's only remedy, if the annual election is not legal, is to proceed under section 32 of the General Corporation Law to have the election set aside and a new election ordered, and not by motion to reinstate him as a director on the ground that he was illegally removed, since by force of the annual election, if that election is legal, he is not entitled to be reinstated as director.

MOTION by the petitioner, William Moscowitz, for a reargument of his appeal from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 8th day of February, 1923, denying his motion to set aside the election by the board of directors of three directors of the Bronx Maternity Hospital and for certain other relief (206 App. Div. 665).

*J. Philip Berg* [*Samuel Greenbaum* of counsel], for the appellant.

*Mork & McKiniry* [*Leonard Acker* of counsel; *I. Maurice Wormser* with him on the brief], for the respondents.

PER CURIAM:

The petitioner, a duly elected director of The Bronx Maternity Hospital, was removed as a director at a meeting of the board of directors held July 5, 1922, at which meeting a bare quorum of five directors was present, and the removal was accomplished by a vote of three to two. Another director was removed at the same time, and two individuals who were not " members " of the hospital at the time, were elected directors in their place. The hospital was incorporated in 1914, and its certificate of organization, with its constitution and by-laws, provided that its affairs should be managed by twelve directors who should be elected at the first meeting, and, upon organizing as a board, should immediately divide themselves into three classes, the terms of office of which should expire one, two and three years thereafter; and that at each annual meeting thereafter four directors should be chosen for a term of three years. This procedure was followed at the first meeting and thereafter for a year or two. But no annual meeting was held in 1920 or thereafter until December, 1922, so that all the directors were hold-over directors. In October, 1920, the petitioner was elected a director and thereafter continued until his attempted removal, as above stated.

The by-laws of the hospital provide as follows: " The failure to attend three consecutive meetings of the board, without valid excuse, may be construed as a resignation of the office by the director." The petitioner was removed at the July, 1922, meeting because of his failure to attend three consecutive meetings. But no notice was given the petitioner of such contemplated action, and he was given no opportunity to show that he had a valid excuse for his absence from three consecutive meetings. The minutes show that at the June meeting the question of the attendance of the petitioner came up for discussion, and one of the directors, friendly to the petitioner, explained the reason for the petitioner's absence, and this apparently was taken as a valid excuse, for no action on the matter was taken at the June meeting.

The constitution further provides that a director must be a member of the hospital, qualified as therein provided. It is conceded that the two individuals who were elected to succeed the petitioner and the other director removed as above were not members of the hospital at the time of their election. The constitution and by-laws further provide that at the October meeting in each year a nominating committee shall be elected, composed of five directors who still have one or two years to serve as directors. At the October meeting in 1922 the board of directors attempted to elect such a committee, which later proceeded to nominate

First Department, July, 1923.                    [Vol. 206

directors and officers, and at the November meeting made their report, which report was accepted by the directors by a vote of six to five. The two directors who had been elected at the July meeting, as above, voted in favor of accepting this nominating report. As appears above, all of the directors were hold-over directors, so that their terms would expire at the December, 1922, meeting; hence there were no directors who still had one or two years to serve.

The petitioner commenced this proceeding by a petition and order to show cause dated November 24, 1922, for the purpose of setting aside the election of the two directors, Moller and Bayles, who succeeded the directors who were removed July 5, 1922, and also the election of Julius Bayer, who had been elected at a prior meeting, and to declare the offices held by such directors vacant, and to enjoin them and the hospital and the president of the hospital from interfering with the petitioner as a director, and to enjoin and restrain any election of persons nominated by the nominating committee as above recited. The purpose of this application was apparently to obtain an order of the court declaring that the petitioner had not been removed, that the election of the two succeeding directors was void, because they were not members, and to prevent any election being held based upon the improper nominating report set forth above.

The Special Term judge denied the petitioner's application, the ground stated in his memorandum being that the petitioner was guilty of laches in making his application, and that "his objection should not be entertained at this late hour." The petitioner was removed July 5, 1922; but because of his removal no notices of subsequent meetings were sent to him; and he had no notice, so he claims, until November, 1922, that he had been removed. He thereupon very promptly commenced this proceeding.

It would seem that the removal of the petitioner was illegal; that the two directors, Moller and Bayles, elected June fifth, were improperly elected; and that the action of the nominating committee was improper, there being no directors qualified to act as such nominating committee, so that on the merits there would have been sufficient evidence to have justified the Special Term judge in either granting the application for mandamus, or taking further proof of the facts, provided the petitioner was not guilty of laches in presenting his application.

In *Matter of Ringler & Co.* (204 N. Y. 30) it appears that the Court of Appeals reversed the Appellate Division which had held, in an opinion (145 App. Div. 361), that the petitioner was estopped from contesting the election of the directors sought to be removed, and

by so doing held that the petitioner was not estopped from contesting the election of the directors. In this *Ringler* matter a year and a half had elapsed after the election before the proceeding was commenced. There are other cases holding the same way; and it would seem that estoppel should not apply in this case, because, if the removal and election were illegal, it would be held that the removal and election were void. For the additional reason that petitioner moved promptly when he heard he had been removed, he should not be held guilty of laches.

It appears in the first papers presented on this motion that the annual meeting was held December 14, 1922; that the report of this so-called nominating committee was presented and read. The respondent claims that thereafter by resolution the meeting decided not to act upon, but to ignore the report. Thereafter the meeting proceeded to elect twelve directors, most of whom were those mentioned in the nominating report. It may be that the action on the part of the majority directors in proceeding upon this nominating committee's report and in presenting the same to the annual meeting, was influential with the members in deciding upon their nominees as the individuals who should be elected as directors. The petitioner then presented affidavits that no resolution dispensing with the report of the nominating committee was offered or adopted; to which affidavits was attached a photostatic copy of the minutes of the annual meeting, and also affidavits that no notices of the holding of the annual meeting were given. Thereafter the respondent filed additional affidavits that the minutes of the annual meeting as above did not correctly show what happened at the annual meeting, and further attempting to show that notices of the annual meeting were sent. The relator then filed further affidavits vehemently denying the truth of the last affidavits of the respondent.

From this mass of conflicting affidavits the court is unable to say where the truth lies; and even if the court could in this proceeding set aside the annual meeting as being illegally held, it would have to refer the matter to ascertain what were the true facts. This proceeding having been primarily brought to reinstate a director who claims to have been illegally removed, the court should not assume jurisdiction to set aside the annual meeting. Sufficient appears to show that the main questions raised by the petitioner in the original appeal have become academic, provided the annual meeting was regular, of which there is considerable doubt.

The petitioner's only remedy, if the election has been unfair, is to proceed under the statute (Gen. Corp. Law, § 32) to have the election set aside and a new election ordered. Until such election be set aside, the directors so elected are the governing directors of

the corporation, and an order removing directors and reinstating the petitioner, as prayed for in the petition, would be futile.

The motion for a reargument should, therefore, be denied.

Present — CLARKE, P. J., DOWLING, MERRELL, FINCH and McAVOY, JJ.

Motion denied, with ten dollars costs.