In the Matter of the Petition to Set Aside the Election of Officers and Directors of the NATIONAL PLEASURE TOURS, INC.

Supreme Court, New York County, December 3, 1927.

**Corporations — election — application under General Corporation Law, § 32, to set aside election by directors — reference ordered.**

This is an application under section 32 of the General Corporation Law to set aside an election of a director purported to have been held by a single director. Section 32 of the General Corporation Law applies to elections held by directors as well as by stockholders. But since various issues are raised by the papers submitted and many essential facts are omitted therefrom, a reference to determine the facts for the information of the court is ordered.

APPLICATION under section 32 of the General Corporation Law to set aside the election of officers and directors of the National Pleasure Tours, Inc.

*Jerome C. Jackson,* for the petitioner.

*Millard H. Ellison,* for the defendant.

FRANKENTHALER, J. The petition of Frank H. Dean alleges, among other things, that he and Ralph Dellevie were the holders of all the stock of the corporation; that in July, 1925, the said two persons were the only directors of the company; that during an illness of the petitioner, said Dellevie, acting by himself as the only remaining director, elected his wife as director, and, with his wife as codirector, did depose the petitioner as president and thereafter as director, and procured the election of himself as president and his wife as secretary and treasurer; that Dellevie then proceeded to vote himself excessive salaries, to the damage of the corporation and the petitioner; that the petitioner upon recovering from his illness was refused permission to resume his duties and participate in the business affairs of the corporation or to resume his former position; that the election of the said Dellevie as president and of his wife as director and as secretary and treasurer and their subsequent acts as directors were illegal.

Section 32 of the General Corporation Law gives the Supreme Court power in a summary way to review corporate elections. It

has been held that this includes elections by directors as well as by stockholders (*Matter of Ringler & Co.*, 204 N. Y. 30), and that even after a long lapse of time an aggrieved party may contest an election wrongfully held. (*Matter of Moscowitz*, 206 App. Div. 289; *Matter of Ringler & Co., supra.*) Various issues are raised by the papers submitted upon this application and many essential facts have been omitted from said papers. A reference to determine the facts will aid in reaching a just conclusion (*Matter of Pleasant Valley Society*, 105 App. Div. 617) and will, therefore, be ordered; the referee to hear evidence upon the matters set forth in the petition and to report such information to this court as is necessary for a determination of the matter and to enable the court to make such order and give such relief as right and justice may require. The further determination of the motion will wait upon the report of the said referee. Settle order.