Benjamin J. Rabin, J.
Plaintiffs (sometimes referred to herein as “management”), seek to enjoin, pending trial, the *570 use of proxies which they claim were obtained by defendants (the “opposition”), through fraud. The claimed fraud is that in a pre-election proxy fight for control of the corporation, the opposition secured many proxies from stockholders by means of false, misleading and incomplete statements, both written and oral.
The annual meeting of the corporation, for the purpose of electing a board of directors, was held on October 23, 1951. As a result of a dispute between management and opposition in connection with the tallying of proxies, an article 78 (Civ. Prac. Act) proceeding was instituted and is now pending before another Justice of this court. The decision in that proceeding will determine how certain proxies are to be counted. Control of the corporation may depend on a shift either to management or opposition of a comparatively small amount of the total vote.
In the meantime this action for an injunction has been commenced by management. It has no relation to the pending article 78 proceeding. The question to be determined in this action is whether the proxies may be voted at all in view of the claimed fraud employed in obtaining them.
At the outset it is contended by defendants that the injunctive relief sought is not available to plaintiffs and that they must be relegated to a proceeding under section 25 of the General Corporation Law. It should be noted however that in the article 78 proceeding defendants took a different view, at least insofar as that proceeding was concerned, urging that section 25 was not a bar. I am of the opinion that the remedy afforded by section 25 is not exclusive and does not preclude the relief sought here.
True, there is a distinction between the two proceedings in that the relief sought by way of article 78 necessarily would precede the election, whereas in the present action relief could possibly be obtained after the election. But if plaintiffs can establish material fraud in the obtaining of proxies, there would appear to be no reason why relief should not be had prior to the formality of concluding the election. From a practical as well as an equitable standpoint, the issue of fraud should be determined in advance of the election. If the election were to be concluded prior to the trial of the issue of fraud, a situation might arise where the opposition would be put in control of the corporation. Then if the management later succeeded in establishing fraud, the opposition group would be put out of control and management would come back in. The resulting chaos and confusion could seriously affect the affairs of the corporation. *571 In the circumstances, a court of equity should not be held powerless to grant that relief which it considers would best protect the interests of all concerned. The relief to be adequate should be prompt (Matter of Young v. Jebbett, 213 App. Div. 774). It was there said (p. 778): “ Contested elections and particularly contested incidents relating to the voting at elections must, for the most part, be litigated summarily. In such proceedings courts are interested in the merits rather than in the technique.”
However, before the relief sought may be granted, it is incumbent upon plaintiffs to show, prima facie, that there was fraud in obtaining proxies. Without referring specifically to any of the separate specifications of fraud, I am satisfied that plaintiffs have made at least a sufficient showing to entitle them to a trial on the issue of fraud, and for the reasons heretofore indicated there should be a stay of the election until such trial has been had. By so holding I do not find that plaintiffs have sufficiently proven fraud so as to entitle them to the ultimate relief sought. That is a question for the trial court.
One other point requires consideration. The opposition contends that plaintiffs are not the proper parties entitled to maintain this action. They argue that only aggrieved stockholders would be the proper parties. I cannot agree with this view. The individual plaintiff is a stockholder and officer of the corporation. While it cannot be said that he could have been misled or deceived by the so-called false statements claimed to have been made by defendants, nevertheless, he charges defendants with a tort directly and seriously affecting him. He should be entitled to relief if he establishes the charge (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79). Insofar as the plaintiff corporation is concerned, it would seem that there is a duty imposed upon it to see that a fair election is had and to that extent it is a proper party plaintiff. Defendants refer to a line of cases holding that representative actions may not be maintained for a class where the wrong is against an individual stockholder standing alone, but the applicability of these cases to the situation here is not apparent.
The motion for a temporary restraining order is granted and the case may be set down for trial at the earliest possible date.