Michael Catalano, J.
Respondents move to quash petitioner’s subpoenas, and to dismiss the proceeding as barred by the Statute of Limitations.
Respondent, Wilhelmina Scheeler Bennett, (herein called “ Wilhelmina ”) was present at the stockholders’ meeting of the respondent, Buffalo Wire Works Company, Inc.; she is a director and stockholder thereof. She was served with a subpoena by petitioner to appear May 10, 1966. She claims petitioner knows all the facts of what transpired at the meeting held June 26, 1965, the conduct of which he questions as a minority stockholder; thus, her presence as a witness is unnecessary, the use of the subpoena is oppressive and an abuse of process of law.
The order to show cause herein was granted January 12,1966, over four months from the meeting, and thus she claims that this proceeding is barred.
A subpoena was served on Phyllis M. Hogan, another stockholder present at that meeting, who claims the same as Wilhelmina.
On April 1,1966, Mr. Justice Nevins, of this court, granted an order referring this proceeding to the calendar Justice for immediate trial and denying the application to dismiss the petition.
On April 15, 1966, respondents appealed from this order to the Supreme Court, Appellate Division, Fourth Department, which appeal is now pending.
A subpoena, requiring the attendance of a person to give testimony (CPLR 2301), may be issued in many ways (CPLR 2302), *160 and disobedience of a subpoena is punishable in many ways. (CPLR 2308.)
The power to compel the attendance of witnesses and to examine them ‘ ‘ will be rendered to a large extent abortive if * * * subpoenas are to be quashed in advance of any hearing at the instance of unwilling witnesses upon forecasts of the testimony and nicely balanced arguments as to its probable importance.” (Cardozo, Ch. J., in Matter of Edge Ho Holding Corp., 256 N. Y. 374, 381. See, also, 2 Weinstein-Korn-Miller, par. 2301.02.)
No law or fact submitted justifies the quashing or modification of these subpoenas herein.
Petitioner waited from June 26, 1965, to January 12, 1966, almost eight months, before starting this proceeding. He attended that meeting, made motions and seconded many motions for directors, and made certain demands to dissolve the corporation which were refused by respondents and others.
‘ ‘ Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months” (emphasis supplied) in this type of proceeding. (CPLR 217.)
“ Upon the petition of any shareholder aggrieved by an election, and upon notice to the persons declared elected thereat, the corporation and such other persons as the court may direct, the supreme court at a special term held within the judicial district where the office of the corporation is located shall forthwith hear the proofs and allegations of the parties, and confirm the election, order a new election, or take such other action as justice may require.” (Business Corporation Law, § 619.)
Section 619 of the Business Corporation Law does not provide a shorter time, or any time; therefore, the four-month rule applies. (Accord: Matter of Hoe & Co., 14 Misc 2d 500, 504, affd. 285 App. Div. 927, affd. 309 N. Y. 719.)
The court’s decision in Matter of Wyatt v. Armstrong (186 Misc. 216) refusing to apply the four-month limitation and considering the control of a public utility, not merely a domestic, stock, business corporation, is not binding on this court and does not interpret and construe CPLR 217 and section 619 of the Business Corporation Law (see, also, General Corporation Law, § 25) together as pari materia, as should be done here.
In any event, petitioner’s objections may be waived (see Matter of George v. Holstein-Friesian Assn., 238 N. Y. 513, 528) and untimely institution of proceedings may be laches (see Matter of Carter v. Muscat, 21 A D 2d 543, 545). Here petitioner’s delay constituted waiver and laches,
*161 Mr. Justice Kevins upheld the petition herein as sufficient ; no attempt is made to review or change his ruling. He did not consider the Statute of Limitations; this court has not considered the petition. The petitioner waived his objections and was guilty of laches.
“ No court shall extend the time limited by law for the commencement of an action.” (CPLR 201.) ‘ Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.” (CPLR 103, subd. [b].) “The word ‘ action ’ includes a special proceeding”. (CPLR 105, subd. [b].)
“A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: * * * 5. the cause of action may not be maintained because of * * * statute of limitations ”. (CPLR 3211, subd. [a], par. 5.)
“At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted. Any objection or defense based upon a ground set forth in subdivision (a) is waived unless raised either by such motion or in the responsive pleading ” (CPLR 3211, subd. [e]; emphasis supplied.)
In an article 78 proceeding (CPLR), “the respondent may raise an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition, made upon notice within the time allowed for answer.” (CPLR 7804, subd. [f].)
Here, respondents made a prior motion to dismiss the petition, which was denied, and failed to allege the Statute of Limitations in their answer as an affirmative defense. Therefore this second motion, seeking to dismiss the petition because of the Statute of Limitations, is waived. An end to motions and pleadings there shall be.
Motion to quash the subpoenas and dismiss the petition denied, without costs.