Michael Catalano, J.
Defendants in the above-mentioned action move for an order dismissing the complaint, or either of the two alleged causes of action therein, pursuant to CPLR 3211 because (1) this court has no jurisdiction of the subject matter; (2) the pleading is insufficient; (3) a necessary party is missing. The corporate respondent in the above-mentioned proceeding moves to dismiss the petition pursuant to CPLR 3211 because the proceeding has been commenced over four months from the shareholders’ meeting of March 12, 1966. The motions were heard together without consolidation.
*812 The complaint alleges for a first cause of action that on January 25, I960, a meeting of the defendant corporation’s board of directors was held, consisting of plaintiff, Lawrence Christ, defendant Phillips and petitioner, Dorothy Christ; a majority of the board voted to sell plaintiff 30 shares of treasury, common stock at $300 per share; plaintiff paid the corporation $9,000 accordingly; plaintiff demanded transfer thereof to him, but defendants refused; this stock has a special value and cannot be obtained in the open market; at the February 19, 1966 and March 12, 1966 meetings of shareholders, plaintiff was denied the right to vote said stock; plaintiff has no adequate remedy at law; for a second cause of action that the corporation is authorized to issue 300 shares of common stock, being the only voting stock; plaintiff owns 75 shares, including the said 30 shares; 285 shares were issued and outstanding, and 15 shares are held by the corporation as treasury stock; at the March 12,1966 special meeting of stockholders of the corporation plaintiff was removed as director, Seymour L. Schuller and Herman S. Umof were elected directors, Phillips was authorized to buy 16 shares of treasury stock; plaintiff was not permitted to vote all the shares he owned, over his personal protest, to his damage, wherefore, plaintiff demands judgment ordering the corporation to sell plaintiff 30 shares of its treasury, common stock, and declaring all acts at said stockholders’ meeting on March 12, 1966 as void.
Defendants’ identical answers admit some facts, but deny all material facts, then allege eight affirmative defenses; first, that no written contract was made for the sale of said securities; second, that the alleged sale was for over $500, without any writing evidencing it; third, that plaintiff received the $9,000 he had paid the corporation without objection, and he did not demand the right to vote the 30 shares of stock, thus waiving any rights therein; fourth, that plaintiff’s acts were illegal; fifth, that plaintiff fraudulently made said payment, thus has unclean hands; sixth, that plaintiff’s alleged agreement was void, unfair and unreasonable; seventh, that the corporation has only 29 shares of treasury stock and cannot lawfully transfer 30 to plaintiff; eighth, that on March 12, 1966 at a stockholders’ meeting the president’s refusal to sell stock to plaintiff at $300 per share was ratified, and on that date, at a board of directors’ meeting, the fair value of the stock was determined to be $500.10 per share, the book value as of December 31, 1965, wherefore, each defendant demands judgment dismissing the complaint.
An affidavit of an attorney of defendants states that he told plaintiff’s attorneys that section 619 of the Business Corpora *813 tion Law controls this case, whereupon this above-mentioned proceeding was instituted by the petitioner after the commencement of the action.
An attorney for plaintiff submitted an affidavit requesting “■ an order denying defendants’ motion to dismiss the complaint herein, or, in the alternative, for an order permitting plaintiff to amend his complaint designating it as a petition pursuant to Section 619 of the Business Corporation Law ”.
It was stipulated in open court by the attorneys of the parties that the papers submitted in the proceeding may be considered in the motion to dismiss the complaint in the action.
The order to show cause that commenced the proceeding was granted September 30, 1966 and was returnable October 28, 1966 (15 days after it was actually heard).
The petition states briefly that the corporation was authorized to issue 300 shares of common voting stock, 255 of which were outstanding; petitioner owned 75; at a special meeting of stockholders on March 12, 1966, Herman S. Umof and Seymour L. Schuller were purportedly elected directors by an alleged vote of 135; the election was illegal because Tryan Phillips illegally voted 25 and Lawrence Christ was illegally denied the right to vote 30, wherefore, petitioner prays that the election be declared void and a new stockholders’ meeting be held for the election of directors.
Petitioner’s opposing affidavit dated October 11, 1966, supports her petition, stating that she received 75 shares from her deceased father, Peter Phillips, formerly the principal shareholder of the corporation; her father also gave shares to her brother, Tryan Phillips; plaintiff is petitioner’s husband; she denies that the alleged sale in 1959 of 25 shares of the corporation’s treasury stock to Tryan Phillips was authorized by the corporation’s shareholders or directors, wherefore, she requests consolidation of the proceeding and action.
Tryan Phillips ’ answering affidavit of October 12, 1966 states that he is a director, president and the majority stockholder of the closely-held corporation; his purchase of 25 shares of capital stock in 1959 was authorized by the corporation’s board of directors; on February 7, 1966, plaintiff fraudulently attempted to buy 30 shares by secretly depositing $9,000 in the corporation’s bank account, which money was returned to plaintiff by deponent.
CPLB 217, entitled 1 ‘ Proceeding against body or officer; four months, ’ ’ provides, in part:
“ Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be com *814 menced within four months after the determination to he reviewed becomes final and binding upon the petitioner ”.
“ In the case of ‘ determinations,’ the phrase ‘ final and binding ’ means that the action must actually have impact on the petitioner.” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.02.)
This four-month rule applies to section 619 of the Business Corporation Law. (Matter of Hoe & Co., 14 Misc 2d 500, affd. 285 App. Div. 927, affd. 309 N. Y. 719; Matter of Scheeler v. Buffalo Wire Works Co., 50 Misc 2d 158.)
Election alone does not make the person elected a director; there must also be an acceptance, either express or implied (Cameron v. Seaman, 69 N. Y. 396, 398; United Growers Co. v. Eisner, 22 App. Div. 1, 6), and he is rebuttably presumed to accept upon notification. (Halpin v. Mutual Brewing Co., 20 App. Div. 583, 585, app. dsmd. 148 N. Y. 744. See, also, Business Corporation Law, §§ 603, 703; Robert’s Rules of Order, § 66, p. 264.)
The determination becomes final and binding upon election and acceptance, whereupon the four-month statute starts to run, and four months thereafter, the proceeding is barred.
Here, the election of directors and their acceptance took place on March 12, 1966, the proceeding was instituted by an order to show cause granted September 30, 1966, therefore, this proceeding is barred.
Section 1286 of the old Civil Practice Act provided two kinds of time limitations in article 78 proceedings; first, to review determinations; second, to compel performance of a duty specifically enjoined by law. (Matter of Fog v. Brennan, 285 App. Div. 669, 672.) Under the second kind of limitation, a motion for a mandamus, or a motion in the nature of a mandamus, would be to compel an election of the officers of a corporation, other than municipal, in a proper case in which no election was held. (People ex rel. Walker v. Albany Hosp., 11 Abb. Prac. [N. S.] 4, 12.)
Here, the proceeding is not for a mandamus order; it is a summary statutory proceeding specially devised to “confirm the election, order a new election, or take such other action as justice may require” (Business Corporation Law, § 619); after an allegedly improper election was held.
Generally, the four-month limitation and the period constituting laches start to run when the aggrieved party has notice of the grievance. (Matter of McCanless v. Brieant, 19 A D 2d 736, 737; Matter of Moscowitz, 206 App. Div. 289, 293.) gee, also, Matter of Nelson v. Kelly (4 A D 2d 596), unless the charge *815 is a failure by the respondent to obey a continuing constitutional (Matter of Cash v. Bates, 301 N. Y. 258, 261) or statutory (Toscano v. McGoldrich, 300 N. Y. 156, 161) duty imposed upon public officials.
Here, petitioner participated in the election of March 12, 1966, having complete knowledge of it at that time, over six months before bringing this proceeding, and no continuing breach of constitutional or statutory duty imposed upon public officials was involved.
The defense of laches consists of delay by plaintiff to defendant’s prejudice. (Pomeroy, Equity Jurisdiction [4th ed.], § 1440 et seq.; Marcus v. Village of Mamaroneck, 283 N. Y. 325, 332; Weiss v. Mayflower Doughnut Corp., 1 N Y 2d 310, 318.) Laches may be a good defense, although the four-month Statute of Limitations has not expired, because of an unreasonable delay of an aggrieved party. (Austin v. Board of Higher Educ., 5 N Y 2d 430, 442; Matter of Singer v. Schechter, 17 A D 2d 204, 206; Matter of Alliano v. Adams, 2 A D 2d 532, 533, affd. 3 N Y 2d 801.)
Here, laches need not be shown because the four-month rule has barred petitioner’s proceeding.
Section 619 of the Business Corporation Law, entitled Powers of supreme court respecting elections,” provides: “ Upon the petition of any shareholder aggrieved by an election, and upon notice to the persons declared elected thereat, the corporation and such other persons as the court may direct, the supreme court at a special term held within the judicial district where the office of the corporation is located shall forthwith hear the proofs and allegations of the parties, and confirm the election, order a new election, or take such other action as justice may require. ” (L. 1961, ch 855, eff. Sept. 1, 1963; derived from General Corporation Law, § 25 which did not contain the words “ or take such other action”. Subject matter of section 25 was in former section 32, derived from L. 1890, ch. 563, § 15, as amd. and renumbered § 27 by L. 1892, ch. 687.)
The exclusive methods to test the right of a person claiming to be an officer or director of a corporation are an action in the nature of quo warranto instituted by the Attorney-General or a special proceeding under section 619 of the Business Corporation Law. (See 19 Carmody-Wait, New York Practice, P. 371; 12 N. Y. Jur., Corporations, -§ 722.) The rights of officers and directors to act as such pursuant to a lawful election are legal and not equitable. (Merchants Loan & Inv. Corp. v. Abramson, 214 App. Div. 252, 254, affd. 242 N. Y. 587; Republic Corp. v. Carter, 22 A D 2d 29, 33, affd. 15 N Y 2d 661, is distinguishable *816 because no election was in dispute.) If the corporate election has been unfair, the only remedy to the petitioner is to have the election set aside and a new one ordered under said section 619. (See Matter of Moscowitz, 206 App. Div. 289, 293; Matter of Tabulating Card v. Leidesdorf, 32 Misc 2d 720, 723, is mere obiter because only an appraiser’s report was sought to be confirmed; also, Segal v. Bresnick, 30 Misc 2d 569, 570, did not consider an election, but merely a motion to enjoin, pending trial, the use of allegedly fraudulent proxies.)
Section 619 of the Business Corporation Law gives the court broad equitable powers to direct a new election of directors where the election under review is tainted with fraud or unfair dealing. (Matter of Carter v. Muscat, 21 A D 2d 543, 546); and to decide all necessary issues, including that of stock ownership. (Matter of Unbekant v. Bohl Tours, 21 A D 2d 317, 318, app. dsmd. 14 N Y 2d 959.)
Here, all issues concerning the election and stock ownership could have been decided in the proceeding if timely brought; the action seeks nothing more.
Where the action is ostensibly to enforce specifically an alleged contract to sell stock and to avoid an election of directors, but in reality is an attempt to try the title of two persons (not parties) to their offices as directors, such action is not authorized by section 619 of the Business Corporation Law and so is insufficient. (Hudson Riv. West Shore R. R. Co. v. Kay, 14 Abb. Prac. [N. S.] 191, 193.)
Section 619 of the Business Corporation Law provides for notice to the persons elected, the corporation and others as the court may direct. These parties are necessary (CPLR 1001, subd. [a]) but may be excused. {Ibid., subd. [b].)
Here, the two elected directors, Seymour L. Schuller and Herman S. Umof, were not notified of the action or proceeding, nor were they joined as parties, nor were they excused therefrom.
Motions granted, without costs. Prepare and submit order accordingly.