James P. O’Donnell, J.
The petitioner, Nora Karin, brings an article 78 proceeding before this court against the Board of Education of Central School District No. 1 of the Towns of New Hartford, Kirkland and Paris, Oneida County, to set aside the determination of the aforesaid school board, dismissing the petitioner from her position as teacher in the said school district. Ewald B. Nyquist, Commissioner for Education for the State of New York, although served with a copy of the notice of petition on August 11, 1970, which was returnable August 27, 1970, was not named as a party to this proceeding.
The petitioner apparently directs her suit against the decision of the school board. Sometime in the fall of 1969, the school board served the petitioner with formal written charges as to her behavior as a teacher in the Oxford Road School. Prior to bringing these charges, there were informal conferences between the board members, the attorney for the board and the attorney for the petitioner.
The petitioner was charged as follows: 1. She refused to accept the assignment by the administration to a classroom at *180 the Oxford Road School in January of 1969; 2. She failed to attend, at the Oxford Road School, to perform her duties; 3. She failed to furnish, upon request, a medical evidence as to any claim of illness or disability.
On November 5, 1969 and November 11, 1969, a formal hearing was conducted by the school board with all parties represented by counsel, pursuant to the provisions of the Education Law. There is some dispute as to whether section 3012 or section 3013 was applicable. After the hearing, the board with five members voting, voted to uphold the charges as brought, in which charges warranted dismissal of the petitioner. Two of the board members, although present, abstained from voting because they were not present at the first meeting of the board.
Although the parties throughout all the proceedings referred to, treated section 3012 of the Education Law as the applicable section, in reality 3013 was the proper section and they substantially complied with this section.
After the school board rendered its decision on November 11, 1969, the petitioner appealed to have the decision reviewed by the Education Commissioner under section 3013 of the Education Law. The Commissioner, by a decision dated April 15, 1970, dismissed the appeal and upheld the holding of the School District.
Although the petition recites that the Commissioner’s dismissal was arbitrary and a capricious abuse of discretion, this court will not entertain any such argument when the Commissioner was not made a party to the proceeding.
On the return date of the article 78 proceeding, the respondent attorneys on motion, brought on a motion directed against the petition as to questions of law, pursuant to the CPLR 404 (subd. [a]). Under the old section 3013 of the Education Law, subdivision 4 (now Education Law, § 3020-a), any person conceiving himself aggrieved may review the determination of the said board, either by appeal to the Commissioner of Education as provided by article 7 of this chapter or by a proceeding under article 78 of the Civil Practice Act. If such person elect to institute such proceeding, the determination of such board for the purpose of such proceeding be deemed final.
In the case at hand, it would appear that the petitioner seeks to take advantage of both sections of the law, since she already has made an election and appealed to the 'Commissioner of Education. This section is quite clear that the petitioner must make this election either in one direction or the other. The respondent, school board, through its motion sets up both *181 CPLR 217 as well as the section relating to the election of remedy.
It is the opinion of the court that the decision of the school board on November 11, 1969 was a final determination of an Administrative Board as it applies to both the Education Law and to the CPLR and that petitioner’s petition was ^untimely since it was barred by the four-month Statute of Limitations. (Christ v. Lake Erie Distrs., 51 Misc 2d 811, affd. 28 A D 2d 817.)
The petitioner should likewise be barred from relief in this present situation upon the grounds that the petitioner proceeded under article 7 of the Education Law by appealing to the Commissioner of Education to review the determination of the School Board and by so doing exercised a right of election of remedy and could not thereafter bring his proceeding under article 78 of the CPLR. It is the opinion of the court that the petition be and hereby is dismissed.