█ In the Matter of BERNARD CYLICH et al., Petitioners, v RIVERBAY CORPORATION, Respondent. [904 NYS2d 39]—

Proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, Bronx County [Norma Ruiz, J.], entered March 2, 2010), challenging respondent's determination that petitioners were not qualified candidates for election to respondent's board of directors, unanimously dismissed, without costs, on the ground that two persons elected to the board of directors as a result of petitioners' disqualification are necessary parties without whose presence the action should not proceed.

Regardless of whether the proceeding was improperly transferred pursuant to article 78, the Court retains jurisdiction in the interest of judicial economy (*see e.g. Matter of Whyte v Horn*, 38 AD3d 362 [2007]).

Petitioners are resident shareholders of respondent, a residential cooperative corporation, which houses about 55,000 people. After being disqualified as candidates in the 2009 elec-

tion for five members of the board of directors, they commenced the instant proceeding seeking, among other things, an order declaring the swearing in of two other individuals to be null and void, prohibiting those individuals from taking action as members of the board, and declaring that petitioners have the right to be seated as directors.

Petitioners, however, failed to notify the five people who were elected to the Board, as required by Business Corporation Law § 619, including the two individuals who were elected as a result of petitioners' disqualification. Since the interests of those two directors may be inequitably affected by a judgment in favor of petitioners, they are necessary parties to this proceeding (*see Matter of Wood v Castine*, 66 AD3d 1326, 1328 [2009]; CPLR 1001 [a]), and those individuals can no longer be joined, absent their consent, because the statute of limitations has run (*see* CPLR 217). Furthermore, joinder cannot be excused since, although petitioners have no other effective remedy if the proceeding is dismissed, the prejudice that could accrue to the individuals not joined is substantial, and petitioners had ample opportunity to avoid this result by taking steps to notify and join those individuals after respondent served its answer pleading the failure to join necessary parties as a defense requiring dismissal (*see Matter of Lodge v D'Aliso*, 2 AD3d 525, 526 [2003], *lv denied* 2 NY3d 702 [2004]). Nor does it appear that any other effective judgment could be rendered in the absence of the necessary parties, or that a protective provision could avoid prejudice to them (CPLR 1001 [b]). Accordingly, dismissal is required due to the failure to join necessary parties (*see Matter of Uranian Phalanstery 1st N.Y. Gnostic Lyceum Temple*, 155 AD2d 302, 303 [1989]; *Matter of Christ v Lake Erie Distribs.*, 51 Misc 2d 811, 814-816 [1966], *mod on other grounds* 28 AD2d 817 [1967], *affd* 28 AD2d 825 [1967]).

Were we to address the merits of the petition, we would find that petitioners have not made a clear showing of impropriety that would warrant interference by the court in the internal affairs of the corporation (*see Nyitray v New York Athletic Club of City of N.Y.*, 195 AD2d 291 [1993]). The board properly appointed an Election Committee comprised of resident shareholders and one or more directors to supervise the annual election by shareholders, in compliance with the by-laws that have been in effect since 1980 (*see* Business Corporation Law § 712; Ennico, 7A West's McKinney's Forms Business Corporation Law § 5:40, at 549-551). The board's additional determination to accept the Election Committee's recommendation that petitioner Cylich be disqualified for having engaged in improper election-

eering was supported by substantial evidence in the record and was reached in accordance with the corporation's by-laws and rules. Concur—Tom, J.P., Mazzarelli, Sweeny, Freedman and Abdus-Salaam, JJ.