Board of Mgrs. of Honto 88 Condominium v Red Apple Child Dev. Ctr., a Chinese Sch. (2018 NY Slip Op 02887)





Board of Mgrs. of Honto 88 Condominium v Red Apple Child Dev. Ctr., a Chinese Sch.


2018 NY Slip Op 02887


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Oing, JJ.


6375 110827/07

[*1]Board of Managers of Honto 88 Condominium, Plaintiff-Respondent,
v
Red Apple Child Development Center, a Chinese School, et al., Defendants-Appellants, Bank of China, New York Branch, Defendant, Xiaoping Fan also known as Joanna Fan, President of Red Apple Child Development Center, et al., Defendants-Appellants.
Red Apple Child Development Center, A Chinese School, et al., Plaintiffs-Appellants, Bank of China, New York Branch, Plaintiff,
v
Board of Managers of Honto 88 Condominium, et al., Defendants-Respondents.
Board of Managers of Honto 88 Condominium, Plaintiff-Respondent,
v
Red Apple Child Development Center, a Chinese School, Defendant-Appellant, Bank of China, New York Branch, Defendant, Xiaoping Fan also known as Joanna Fan, President of Red Apple Child Development Center, et al., Defendants-Appellants.


The Bresky Law Firm PLLC, Elmhurst (Marc S. Bresky of counsel), for appellants.
Anderson Kill PC, New York (Deborah B. Koplovitz of counsel), for respondents.



Judgment and order of foreclosure and sale of the Supreme Court, New York County (Debra A. James, J.), entered April 7, 2016, bringing up for review an order, same court and Justice, entered January 28, 2013, which, inter alia, granted the motion of the Board of Managers of Honto 88 Condominium and its individual members (collectively, the Board) for summary judgment dismissing the claims of Red Apple Child Development Center, a Chinese School, Xiaoping Fan a/k/a Joanna Fan, as President of Red Apple and individually, and Ziming Shen, as Trustee of Red Apple and individually (collectively, Red Apple), unanimously affirmed, without costs.
Red Apple's first cause of action, for breach of contract, was properly dismissed. The evidence submitted with the summary judgment motion was sufficient to establish, prima facie, that the Board did not breach the condominium's by-laws with respect to a failure to pay for the common electrical charges. The Board concedes that it was responsible for paying those charges, and thus the only relevant issue with respect to this claim is whether the Board in fact paid for them. The condominium's managing agent testified that there is a separate meter for the electricity for all of the "Common Elements" of the building, including the common medical spaces owned by Red Apple, and that the condominium has always paid for these charges in full. The evidence submitted by Red Apple does not refute this contention.
Further, as the Board has admitted that it has always paid for the electrical charges for the common elements of the building, there is no "justiciable controversy" necessitating a declaration that the Board was required to pay for them (CPLR 3001; Big Four LLC v Bond St. Lofts Condominium, 94 AD3d 401, 403 [1st Dept 2012], lv denied 19 NY3d 808 [2012]), thus warranting dismissal of Red Apple's second cause of action.
Red Apple's third and fourth causes of action, for unjust enrichment and "money had and received," should not be reinstated. A claim for unjust enrichment will not stand when the matter is controlled by a governing contract, as is the case here (Goldman v Metropolitan Life Ins Co., 5 NY3d 561, 572 [2005]). Nor has Red Apple demonstrated that there was any error in the court's dismissal of the claim for "money had and received" (Parsa v State of New York, 64 NY2d 143, 148 [1984]). Besides the presence of a governing agreement, the record also does not support Red Apple's claim that the Board possessed money that did not rightfully belong to it.
The IAS court also properly dismissed Red Apple's fifth cause of action, for breach of contract relating to the Board's alleged failure to maintain the common areas of the condominium. The record demonstrates that the Board fulfilled its obligations to keep these areas in good repair. The Board's managing agent testified regarding Red Apple's complaints in this regard, which they had investigated and determined to be unfounded, and Red Apple did not submit any proof regarding the damages relating to the Board's alleged shortcomings. The IAS court also properly dismissed the sixth cause of action, sounding in nuisance, and there is nothing in the record to support a "pattern of continuity or recurrence of objectionable conduct" or of intentional wrongdoing on the part of the Board (Berenger v 261 W. LLC, 93 AD3d 175, 182-183 [1st Dept 2012]; Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570-571 [1977]).
Red Apple's seventh cause of action, for a breach of fiduciary duty also does not withstand scrutiny. The individual Board members are protected by the business judgment rule absent allegations of tortious acts outside of legitimate condominium purposes (Pelton v 77 Park Ave. Condominium, 38 AD3d 1 [1st Dept 2006], overruled on other grounds by Fletcher v Dakota, Inc., 99 AD3d 43 [1st Dept 2012]). Red Apple alleges no such tortious acts, and its reliance on Fletcher does not compel a different result. There is nothing to support Red Apple's conclusory allegations that it was discriminated against because its owners were from the north of China and the members of the Board were from the south. As Red Apple has not set forth any supportable basis for the imposition of personal liability on the individual Board members for their business judgment decisions, this claim was properly dismissed (20 Pine St. Homeowners Assn. v 20 Pine St. LLC, 109 AD3d 733, 735-736 [1st Dept 2013]).
Finally, Red Apple's eighth and ninth claims, relating to a board election were also [*2]properly dismissed. The by-laws do not require an officer of the condominium to sign the notice of meeting. Further, Red Apple failed to make a prompt application to the court in an effort to determine its voting rights in the election, and thus there was no reason to interfere with the condominium's internal affairs absent a clear showing that such action was warranted (Matter of Goldfield Corp. v General Host Corp., 36 AD2d 125, 127 [1st Dept 1971], affd 29 NY2d 264 [1971]). Red Apple's ninth cause of action, for injunctive relief — based on substantially the same allegations asserted in the eighth cause of action — fails for the same reasons. We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK