**Queiroga v 340 E. 93rd St. Corp.**

2024 NY Slip Op 31142(U)

April 4, 2024

Supreme Court, New York County

Docket Number: Index No. 158612/2023

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. NICHOLAS W. MOYNE** | PART | 41M |
| | *Justice* | | |

-------------------------------------------------------------X

MARIANGELA RIVERA QUEIROGA,

                              Plaintiff,

                        - v -

340 EAST 93RD STREET CORPORATION, ALEXANDRA
N. COHEN, JOYCE BLOOM, STEVEN DWORK, SY LUKIN,
SAUL SHAPIRO, RUTH FAGAN, DENICE RICH,
RESIDENTIAL MANAGEMENT GROUP, LLC

                             Defendant.

-------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158612/2023 |
| MOTION DATE | 11/17/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 26, 27, 28, 29, 30, 32, 33, 35, 36, 37, 38, 39

were read on this motion to/for                            DISMISS            .

Upon the foregoing documents, it is

     Petitioner, Mariangela Rivera Quieroga, commenced this Article 78 special proceeding seeking a preliminary injunction and challenging certain actions taken by the corporation, officers, and agents of the corporation. Specifically, pursuant to Business Corporation Law § 619, petitioner is seeking judicial review of: (1) the election of the corporation's Board of Directors ("Board"); (2) certain shareholder meetings that were held; (3) the actions of a property management company; and (4) the actions of the new Board involving the passage of new by-laws.

     The remaining respondents, 340 East 93rd Street Corporation, Alexandra N. Cohen, Joyce Bloom, Steven Dwork, Sy Lukin, and Residential Management Group LLC d/b/a Douglas Elliman Property Management ("DEPM"), (collectively, "respondents"), now move for an order, pursuant to CPLR §§ 217(1), 3016(B), 3211(a)(5) and (7), dismissing the petition as to the

[* 1]

respondents in its entirety and with prejudice. For the reasons set forth below and on the record during oral argument, the respondents' motion is granted, and the petition is dismissed.

Timeliness of the Claims:

The respondents assert that the petition should be dismissed as it is untimely. CPLR § 3211 (a)(5) provides that a party may move to dismiss a cause of action on the grounds that it may not be maintained due to the statute of limitations. In an Article 78 proceeding by a cooperative shareholder seeking to challenge the actions of a cooperative corporation or its' Board, the four-month statute of limitations period provided by CPLR § 217 (1) applies (*Katz v Third Colony Corp.*, 101 AD3d 652, 653 [1st Dept 2012]). CPLR § 217 (1) provides that a special proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner. A determination generally becomes binding when the aggrieved party is notified (*Musey v 425 E. 86 Apartments Corp.*, 154 AD3d 401, 403 [1st Dept 2017]). The limitations period to challenge a Board's promulgation of new rules or amendments may be measured from when it was enacted (*see Fricke v Beauchamp Gardens Owners Corp.*, 222 AD3d 718 [2d Dept 2023]).

Petitioner is attempting to challenge conduct and/or actions which allegedly began on or around January 27th, 2023, and continued through July 18, 2023. As the verified petition is dated August 29, 2023, any allegations of conduct which occurred prior to May 2023, are untimely as they are outside the four-month statutory period. The mere allegation, which petitioner offers in opposition, that the actions of the respondents between January 2023 and July 2023 are all connected to each other, and did not become final until the election held July 17, 2023, is insufficient to establish continuing and distinct unlawful acts as required to toll the limitations period (*Fricke v Beauchamp Gardens Owners Corp.*, 222 AD3d 718 [2d Dept 2023]).

[* 2]

CPLR § 3211(a)(7): Failure to State a Cause of Action:

Additionally, respondents move to dismiss the complaint based on the petitioner's alleged failure to state a claim. On a CPLR § 3211 (a)(7) motion to dismiss, the [respondents] bear the burden of establishing that the complaint fails to state a viable cause of action (*Connolly v Long Is. Power Auth.*, 30 NY3d 719, 728 [2018]). The question is whether the complaint adequately alleged facts giving rise to a cause of action, not whether it properly labeled or artfully stated one (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). However, when evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

A preliminary injunction may only be granted when the proponent of such relief clearly demonstrates (1) a likelihood of success on the merits; (2) irreparable injury if the relief is not granted; and (3) a balancing of equities in their favor (*Doe v Axelrod*, 73 NY2d 748, 750 [1988]). Although conclusive proof is not required, an injunction is an extraordinary preliminary remedy and therefore the threshold inquiry is "whether the proponent has tendered sufficient evidence demonstrating ultimate success in the underlying action" (*1234 Broadway LLC v W. Side SRO Law Project*, 86 AD3d 18, 23 [1st Dept 2011]; *Chester Civic Imp. Ass'n, Inc. v New York Tr. Auth.*, 122 AD2d 715, 717 [1st Dept 1986]).

Of the remaining claims which are timely, petitioner is seeking judicial review, pursuant to Business Corporation Law § 619, of the July 17, 2023 election and subsequent acts, asking the court to hold and/or order (1) the election dated July 17, 2023, null and void; (2) all purported acts of the Board of Directors deemed elected on July 18, 2023, null, void, and without effect; (3) that any amendments or orders made to the by-laws subsequent to July 17, 2023, elections

null and void; (4) that a new election be called or in the alternative, that the corporation produce the ballots and proxies cast in the July 17, 2023, election for inspection.

Business Corporation Law § 619 provides that upon the petition of any shareholder aggrieved by an election, the court shall hear the proofs and allegations of the parties, and confirm the election, order a new election, or take such action as justice may require (Business Corp Law § 619). Section 619 is the remedy to test the procedures, fairness, and conduct of an election and the court may consider issues which would necessarily pertain to or affect an election's outcome (*Matter of Matter of Schmidt*, 97 AD2d 244, 252 [2d Dept 1983]). A court should not interfere in the internal affairs of a corporation unless a clear showing is made to warrant such action (*Goldfield Corp. v Gen. Host Corp.*, 36 AD2d 125, 127 [1st Dept 1971], *affd,* 29 NY2d 264 [1971]). Accordingly, if an election is held it becomes an unwarranted interference to upset an election absent a showing that the relief sought would change the result and an election may not be set aside unless a court concludes the result would have been different or that it culminated in an unequitable result (*Id.*).

Petitioner seeks to challenge the election held on July 17, 2023, by alleging that the corporation failed to conduct the election in compliance with the by-laws in effect at the time of the election. Petitioner is alleging that as an accurate shareholder list with authorized email addresses for shareholders of record was not maintained, so the inspector Honest Ballot, LLC could not and did not determine that only shareholders of record received online voting IDs and that all shareholders of record received online voting IDs and/or hardcopy notice. Petitioner additionally alleges that email addresses used to tally the votes for the election were not verified to determine that the e-votes counted in the election accurately reflected the shareholders holding the stock allocated to the one apartment and that each e-vote represented the number of votes

[* 4]

each shareholder was entitled to. Petitioner contends these irregularities demonstrate the election was not conducted in accordance with the requirements provided by the corporation's by-laws. Specifically, that it was contrary to Article II, Section I and Article II, Section 5.

However, respondents contend that petitioner cannot establish a likelihood of success on the merits as there is prima facie evidence that the election was properly conducted; the election was formally and duly certified by Honest Ballot, LLC. Respondents assert that prior to the election and after a unanimous vote by the previous Board of which petitioner was a member, the corporation executed an agreement with the third-party vendor Honest Ballot, LLC to manage and oversee the now-contested election. Respondents contend that Honest Ballot, LLC is an independent and unbiased third-party which has the ability to conduct elections using both electronic means as well as paper ballots and proxies. Business Corporation Law § 610 (a) provides that inspectors "shall determine the number of shares outstanding and the voting power of each, the shares represented at the meeting, the existence of a quorum, the validity and effect of proxies, and shall receive votes, ballots or consents, hear and determine all challenges and questions arising in connection with the right to vote, count and tabulate all votes, ballots or consents, determine the result, and do such acts as are proper to conduct the election or vote with fairness to all shareholders… [a]ny report or certificate made by them shall be *prima facie* evidence of the facts stated and of the vote as certified by them".

In the Certification, Honest Ballot, LLC certifies that the election was conducted fairly, honestly, and in accordance with the by-laws of the corporation (NYSCEF Doc. No. 30). Accordingly, under Business Corporation Law § 611 (a), this Certification is prima facie evidence of the validity of the facts stated within, including the conduct of the election, the votes cast, and the election results. Further, respondents allege that the previous Board had

unanimously approved online voting in addition to paper ballots, and as a member of the legal committee, petitioner had engaged the corporation's legal counsel to review all election notices and ensure adherence with notice requirements that were provided in the by-laws and Business Corporation Law. Petitioner has failed to offer sufficient evidence which would rebut the facts stated and the vote established by this *prima facie* evidence. Therefore, the election and the outcome, including the election of the individually named respondent-candidates to the Board and the subsequent acts taken by said Board members, are valid. Accordingly, the petitioner's request to find the election and the appointment and/or actions of the members deemed elected at said election held on July 17, 2023, as null, void, and without effect, is denied.

In addition to the aforementioned reasons, petitioner also has not alleged a proper basis which would warrant the ordering of a new election. Petitioner has not made the requisite showing that if the relief sought was granted, it would change the result (*Goldfield Corp. v Gen. Host Corp.*, 36 AD2d 125, 127 [1st Dept 1971], *affd,* 29 NY2d 264 [1971]; *Bd. of Managers of Honto Condominium v Red Apple Child Dev. Ctr.*, 160 AD3d 580, 582 [1st Dept 2018]). Petitioner's allegations that Honest Ballot was not provided with accurate shareholder information or claims of anomalies with the online voting system are insufficient to demonstrate that a new election is warranted. Petitioner has failed to include allegations or offer evidence which would demonstrate that absent these irregularities or issues, the result of the election would change, or it would have a different outcome. Therefore, petitioner has not adequately established that if a new election was ordered, she would be elected or the elected members would not have been.

Additionally, petitioner is challenging the Board's adoption or amendment of certain provisions of the corporation's by-laws after the election. It is well settled that the proper

standard of judicial review of decisions by a residential cooperative corporation is the business judgment rule (*Silverstein v Westminster House Owners, Inc.*, 50 AD3d 257, 258 [1st Dept 2008]). The business judgment rule is applicable to the Board of Directors of a cooperative and condominium corporations (*72 Poplar Townhouse, LLC v Bd. of Managers of 72 Poplar St. Condominium*, 224 AD3d 645, 647 [2d Dept 2024]). In this context, the business judgment rule provides that a court should defer to a cooperative board's determination so long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith (*40 W. 67th St. Corp. v Pullman*, 100 NY2d 147, 153 [2003]). Therefore, the petitioner must make a clear showing of impropriety that would warrant interference by the court in the internal affairs of the cooperation (*Cylich v Riverbay Corp.*, 74 AD3d 646, 647 [1st Dept 2010]).

Respondents assert that the amendments or orders that were instituted in the by-laws after the election, were properly enacted. Respondent alleges that these provisions, which had been previously incorporated into the by-laws, were reinstated with the requisite Board approval and in compliance with the by-laws. Further, the respondents contend that the added provisions are governance provisions, aimed at better compliance with the Board's fiduciary duty to shareholders, which are reasonable in nature, application, and apply to all Board members.

Petitioner alleges that the new Board and respondents' adoption of these provisions or amendments were for the purpose of targeting a single member, aimed at precluding one shareholder from being a Board member, and do not benefit the petitioner as a shareholder or the corporation as a whole. However, the conclusory or speculative allegations that the provisions are targeted, discriminatory, or fail to benefit the corporation are insufficient to make any clear showing of impropriety which would warrant judicial review of the Board's actions. Petitioner has failed to allege facts or provide evidence which rebuts the respondents proffered reasoning or

[* 7]

that is sufficient to demonstrate either that the Board's actions: have no legitimate relationship to the welfare of the cooperative, deliberately singles out individuals for harmful or unequal treatment, were taken without notice or consideration of the relevant facts, or were beyond the scope of the Board's authority (*Valyrakis v 346 W. 48th St. Hous. Dev. Fund Corp.*, 161 AD3d 404, 407 [1st Dept 2018]). Therefore, judicial review of these actions is unwarranted.

The court has considered all other arguments set forth in both the papers and at oral argument and find them unavailing. As petitioner has failed to meet the threshold inquiry of demonstrating a likelihood of success on the merits, the court need not consider the additional elements required to demonstrate entitlement to a preliminary injunction.

Conclusion:

Accordingly, it is

ORDERED and ADJUDGED that the motion by respondents to dismiss the petition is GRANTED; and it is further

ORDERED and ADJUDGED that the verified petition is hereby dismissed in its entirety as against said respondents.

This constitutes the decision and order of the court.

| 4/4/2024 | | | | |
|----------|---|---|---|---|
| DATE | | | NICHOLAS W. MOYNE, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|------------------------|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |